GEORGE JENKINS v. P. L. NETHERLAND.

[Abstract Kentucky Law Reporter, Vol. 3—538.]

**Consideration for a Note.**

> The conveyance of land by a tenant by the curtesy is a good consideration for a note, and in the absence of fraud or mistake the conveyance can not be disturbed nor cancelled.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 24, 1882.

OPINION BY JUDGE PRYOR:

The right to relief in this case is not based on a mutual mistake by the parties in the execution of the conveyance to appellant, nor on a mistaken belief on the part of either as to the character of the title. The note is asked to be surrendered and the deed cancelled for the want of any consideration whatever for its execution. The parties in possession of the land did not hold adversely to the appellees. They were on the land as heirs of Rufus Jenkins and claimed in no other way. They held the possession in a legal sense, as much for the husband of their deceased sister as for themselves. He was tenant by the curtesy, owning for life the one-third interest to which his wife was entitled. Here was a consideration for the note, and in the absence of any fraud or mistake, and none is alleged, the conveyance can not be disturbed. If a mistake had been alleged it is doubtful from the proof whether the deed would not be reformed instead of being cancelled. The one party insists that he sold only a life estate, and was informed by the draftsman that the conveyance was all proper, while the other maintains that the conveyance was absolute as it purports to be. The appellant is in possession, and that possession has never been disturbed, and besides, it is alleged and not denied that the annual rental of this interest is of the value of fifty dollars per annum. The conveyance certainly will not be cancelled upon no other allegation than a want of consideration.

Judgment below is *affirmed*.

R. E. Puyear, P. W. Hardin, for appellant.

R. S. Montague, for appellees.